IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-03075-PAB-CBS

KATHIE VELASQUEZ,

    Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,
UNITED SERVICES AUTOMOBILE ASSOCIATION (d/b/a "USAA"),
USAA COMPREHENSIVE WELFARE BENEFITS PLAN,
USAA SHORT-TERM DISABILITY BENEFIT PLAN, and
USAA LONG-TERM DISABILITY BENEFIT PLAN,

    Defendants.

## ORDER ADMINISTRATIVELY CLOSING CASE

This matter is before the Court on the Unopposed Motion to Stay Case and Vacate All Pre-Trial Deadlines and Conference Dates Due to Recent Reopening of Plaintiff's Bankruptcy Case [Docket No. 20] filed by plaintiff Kathie Velasquez.

On November 13, 2014, plaintiff filed this case. Docket No. 1. Plaintiff brings claims against defendants for recovery of past due disability benefits. *Id.* at 11-14. Plaintiff asserts that she and her husband filed for bankruptcy in the United States Bankruptcy Court for the District of Colorado and that, on September 8, 2014, the bankruptcy was discharged. Docket No. 20 at 2. However, plaintiff's bankruptcy attorney did not disclose plaintiff's claims for disability benefits as assets of her estate. On plaintiff's motion, the bankruptcy court reopened plaintiff's bankruptcy case. Docket No. 20-1. Plaintiff asserts that, before this case can proceed, the bankruptcy trustee

must determine whether the potential recovery in this case is the property of plaintiff's bankruptcy estate. Docket No. 20 at 2. Plaintiff's counsel asserts that he has ceased all activity in this case pending the bankruptcy trustee's determination. As a result, plaintiff seeks to stay this case until all issues related to plaintiff's bankruptcy case are resolved, but plaintiff's motion does not indicate when this may occur. Plaintiff represents that defendants agree that "this litigation should be stayed until the bankruptcy issues are resolved or until it is determined whether Plaintiff or the trustee will proceed forward." *Id.* at 3.

A scheduling order has been entered in this case. Discovery is due by August 3, 2015 and the dispositive motion deadline is September 1, 2015, but there are no motions pending. The Court agrees that this case should not proceed further until the bankruptcy trustee has evaluated plaintiff's claims, but, under the circumstances, the Court is not inclined to grant a stay of indefinite duration. Thus, based upon the reasons stated in plaintiff's motion and the current procedural posture of the case, the Court finds that good cause exists to administratively close this case pursuant to D.C.COLO.LCivR. 41.2. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) (noting that "an administrative closing has no effect other than to remove a case from the court's active docket and . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality"). Any party may file a motion to reopen this case upon the bankruptcy trustee's determination regarding plaintiff's claims or for any other reason constituting good cause. *See* D.C.COLO.LCivR. 41.2.

It is therefore

**ORDERED** that the Unopposed Motion to Stay Case and Vacate All Pre-Trial Deadlines and Conference Dates Due to Recent Reopening of Plaintiff's Bankruptcy Case [Docket No. 20] is **DENIED**.  It is further

**ORDERED** that this case shall be administratively closed, subject to reopening for good cause, pursuant to D.C.COLO.LCivR 41.2.  If, by November 2, 2015, no motion to reopen the case is filed, plaintiff shall file a status report regarding the bankruptcy proceedings.

DATED July 16, 2015.

                                BY THE COURT:

                                 s/Philip A. Brimmer
                                PHILIP A. BRIMMER
                                United States District Judge